1 | Kent Khtikian, Esq. (#99843)
Conor D. Mack, Esq. (#253878)
2 | Katzenbach and Khtikian
1714 Stockton Street, Suite 300
3 | San Francisco, California  94133-2930
Telephone: (415) 834-1778
4 | Facsimile: (415) 834-1842
email: khtikian@kkcounsel.com
5 | Attorneys for Plaintiffs

6 | Geoffrey R. Hudson, Esq.
P.O. Box 2547
7 | Napa, CA 94558
(707) 265-0900
8 | Attorney for Defendant ACIC

9

10

**UNITED STATES DISTRICT COURT**

11

**NORTHERN DISTRICT OF CALIFORNIA**

12

13

| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST; TRUSTEES OF THE BRICKLAYERS LOCAL 7 PENSION TRUST; TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST; TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST; INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS AFL-CIO, LOCAL UNION NO. 3, on behalf of itself and as agent for its members; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS PENSION FUND, | ) CASE NO.  CV 10-00917 EMC )<br>) JOINT CASE MANAGEMENT ) STATEMENT; ) [Proposed] ORDER   RESETTING CMC FROM )            6/16/10 to 9/29/10 )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
|---|---|
|     Plaintiffs, | )<br>) |
| vs. | ) |
| DAMIAN GREGORY HONORE, doing business as D & L MASONRY; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation; SURETY COMPANY OF THE PACIFIC, a California corporation, | ) Date:      June 16, 2010<br>) Time:      1:30 p.m.<br>) Courtroom:  C, 15th Floor<br>)            (San Francisco)<br>)<br>) |
|     Defendants. | )<br>) |

28 |     Pursuant to this Court's Civil Local Rule 16-9 and FRCivP 16(b) the Plaintiffs and

1  American Contractors Indemnity Company ("ACIC"), hereby submit this Joint Case

2  Management Statement And Proposed Order.

3       The Plaintiffs and ACIC respectfully request that the Court continue the Case

4  Management Conference for 90 days for the following reasons.

5       On April 5, 2010 Defendant Damian Gregory Honore ("Honore") has filed a petition for

6  protection under Chapter 13 of the Bankruptcy Act, in the U.S. Bankruptcy Court, Northern

7  District of California (Case No. 10-43821 LT).  On June 3, 2010 Plaintiffs received notice of that

8  filing.  There is an automatic stay as to Honore pending the resolution of the bankruptcy case.

9       ACIC, which is the successor in interest to Surety Company of the Pacific ("SCOP") by

10  way of merger, has answered.  Plaintiffs and ACIC have discussed settlement and are in the

11  processes of exchanging documentation to facilitate settlement.  Based on the negotiations and

12  the parties' prior experience with each other and their counsel, there is a high probability that

13  this matter will be settled within 90 days.

14  **A. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

15       Plaintiff, BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL UNION NO. 3, AFL-

16  CIO (hereinafter "Bricklayers Local Union No. 3") and Honore were parties to a collective

17  bargaining agreement (the "Agreement") at all times material to this action.  Pursuant to the

18  terms of the Agreement, Honore agreed to pay certain wages and fringe benefits for all hours

19  worked in the 46 Northern California Counties within the Union's geographic jurisdiction by

20  persons employed by Honore as tile setters and tile finishers.

21       Plaintiffs allege that Honore obtained a contractor's license bond underwritten by ACIC,

22  as the successor in interest of SCOP, pursuant to California Business and Professions Code

23  section 7071.6.  This bond indemnifies persons employed by Honore for Honore's failure to pay

24  full wages due.

25  **B. PRINCIPAL ISSUES**

26       **1. The principal factual issues that the parties dispute are:**

27         ACIC disputes liability under the bond.

28  ///

**2. The principal legal issues that the parties dispute are:**

Whether Honore was covered by the contractor's license bond at the time of the delinquencies;

Whether Plaintiffs complied with the notice and limitations provisions of the bond.

**3. The following issues as to service of process, personal jurisdiction, subject matter jurisdiction or venue remain unresolved:**

None.

**4. The following parties have not yet been served:**

None.

**5. Any additional parties that a party intends to join are listed below:**

None.

**6. Any additional claims that a party intends to add are listed below:**

None.

**C. ALTERNATIVE DISPUTE RESOLUTION**

**The parties make the following additional suggestions concerning settlement:**

None.  There is a high probability that Plaintiffs' claims against ACIC and SCOP will be settled within 90 days.

**The Court hereby orders:**

**D. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Plaintiffs consent to trial presided by a Magistrate Judge.

**The Court hereby refers this case for the following purposes to a magistrate judge:**

**E. DISCLOSURES**

 **The parties certify that they have made the following disclosures:**

 The parties have not made any initial disclosures.  Plaintiffs are providing ACIC with the audit documents on which this action is premised and documents in which Honore acknowledges that the amount shown in the audit is unpaid.  The parties shall serve their initial disclosures on or before June 30 if no settlement agreement is entered by that date.

 **1. Persons disclosed pursuant to FRCivP Rule 26(a)(1):**

 **a. Disclosed by plaintiffs:**

 None.

 **b. Disclosed by Defendants:**

 None.

 **2. Categories of documents disclosed under FRCivP Rule 26(a)(1) or produced through formal discovery:**

 **a. Categories of documents disclosed by Plaintiffs:**

 None.

 **b. Categories of documents disclosed by Defendants:**

 None.

 **3. Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:**

 On the basis of an audit conducted by Plaintiffs on Honore, Plaintiffs believe that the principal amount owed to Plaintiffs is at least $20,669.64, calculated as follows:

| | |
|---|---|
| Principal Shown on Audit: | $15,234.49 |
| Liquidated Damages at 20% | 3,046.90 |
| Auditor's Fees | 1,031.25 |
| Attorney's Fees  (to 6/4/10) | 1,357.00+ |
| **TOTAL** | **$20,669.64** |

 This calculation excludes accruing interest, additional attorney's fees and all costs, all of which Plaintiffs will seek as additional damages.

 **4.  All insurance policies as defined by FRCivP 26(a)(1)(D) have been disclosed as**

follows:

>None disclosed.

**5. The parties will disclose the following additional information by the date listed:**

>See above.

**6. Disclosures as required by FRCivP 26(e) will be supplemented at the following intervals:**

>Every 30 days commencing July 31, 2010 if supplemental information is discovered.

**F. EARLY FILING OF MOTIONS**

>**The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:**

>There is a high probability that Plaintiffs claims against ACIC will be settled within 90 days.

**G. DISCOVERY**

>**1.  The parties have conducted or have underway the following discovery:**

>>None.

>**2.  The parties propose the following discovery plan:**

>>The deadline for completion of all discovery, expert and non-expert be December 6, 2010 and that the dates for filing of dispositive motions will be February 7, 2011 and trial be 90 days thereafter.

>>The parties are to disclose expert witnesses, if any (their identities, resumes, final reports and other matters required pursuant to the Federal Rules of Civil Procedure) by no later than October 4, 2010.

>**3. Limitations on discovery tools.**

>>**a. depositions (excluding experts) by:**

>>>**plaintiffs:** no limit    **defendant:** no limit

**b. interrogatories served by:**

> **plaintiffs:** 25 on ACIC/SCOP

> **defendant:** 25

**c. document production requests served by:**

> **plaintiffs:** no limit   **defendant:** no limit

**d. requests for admission served by:**

> **plaintiffs:** no limit   **defendant:** no limit

**4.  The parties propose the following limitations on the subject matter of discovery:**

All matters relevant to or calculated to lead to the discovery of evidence relevant to the issues raised by the complaint and defendants' answers to the complaint.

**5. Discovery from experts.**

None planned at this time.

**6. The Court orders the following additional limitations on the subject matter of discovery:**

**7. Deadlines for disclosure of witnesses and completion of discovery:**

See paragraph G(2) above.

**H. PRETRIAL AND TRIAL SCHEDULE**

**1. Trial date:** None set.

**2. Anticipated length of trial (number of days):** 1 to 2 days.

**3. Type of trial:** Court.

**4. Final pretrial conference date:**

**5. Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ.L.R. 16-10(b), complying with the provisions of Civ.L.R. 16-10(b)(6)-(10) and such other materials as may be required by the assigned judge:**

**6. Date for filing objections under Civ.L.R. 16-10(b)(11) (objections to exhibits or testimony):**

**7. Deadline to hear motions directed to the merits of all or part of the case:** See paragraph G2 above.

**NOTE: Lead trial counsel who will try this case shall meet and confer at least 30 days prior to the pretrial conference for the purpose of Civ.L.R. 16-10(b) which includes preparation of that joint pretrial conference statement and all other materials required by § H.5 above.  Lead trial counsel shall also be present at the pretrial conference.  (See FRCivP 16(d).)**

**I. Date of next case management conference:**

**J. OTHER MATTERS**

**K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

  /s/ Kent Khtikian
Kent Khtikian, Esq.
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
(415) 834-1778; FAX (415) 834-1842
Attorneys for Plaintiffs

 1 | /s/ Geoffrey R. Hudson
Geoffrey R. Hudson, Esq.
 2 | P.O. Box 2547
Napa, CA 94558
 3 | (707) 265-0900
Attorney for Defendant ACIC
 4 |

**Attestation Of Concurrence**

 5 | I, Kent Khtikian, declare that Geoffrey R. Hudson has signed the Document set forth
above and that I have in my possession his signature on this document.
 6 | I declare under penalty of perjury that the foregoing is true and correct.
Executed this 9th day of June 2010, in San Francisco, California.

 7 |

 8 | /s/ Kent Khtikian
W. Kent Khtikian

 9 |

10 | The Court finds that each party was represented by lead trial counsel responsible for trial

11 | of this matter and was given an opportunity to be heard as to all matters encompassed by this

12 | Case Management Statement and Proposed Order filed prior to the conference.  The Court

13 | adopts this statement as modified and enters it as the order of this court pursuant to Civ.L.R. 16-

14 | 8(b).

15 | IT IS SO ORDERED    that the case management conference set for 6/16/10 at 1:30 p.m. is

16 | reset for 9/29/10 at 1:30 p.m.  A joint cmc statement shall be filed by 9/22/10.

17 |

18 | Dated:_____ 6/10/10 _____    _____

19 | Hon. Edward M. Chen
United States ___ Judge

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED AS MODIFIED — Judge Edward M. Chen]*